**ZHUHUA LI, a/k/a Zhuhua Zi, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–3943–ag.

United States Court of Appeals, Second Circuit.

June 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Paul D. Clement as the respondent in this case.

Charles Christophe, Christophe & Associates P.C., New York, New York, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Stephen M. Elliott, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Zhuhua Li, a native and citizen of the People's Republic of China, seeks review of an August 15, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhuhua Li*, No. A98 287 515 (B.I.A. Aug. 15, 2007), *aff'g* No. A98 287 515 (Immig. Ct. N.Y. City Jul. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other*

grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). Further, we review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

■ We find no error in the agency's conclusion that Li failed to provide sufficient evidence to establish her eligibility for relief. As to Li's family planning claim, the IJ found that "[s]he has not been persecuted in the past and any future persecution is speculative," inasmuch as she had not demonstrated that she was in violation of the family planning policy or that she would be in the future. We have held that if a petitioner claims that she faces sterilization, but has only one child or no children, such claim may appropriately be considered "speculative." *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best.") Therefore, the IJ properly found that Li's claim was "speculative" where she only had one child. *Id.*

■ With respect to Li's claim that she would be persecuted on account of her illegal departure, the IJ found that Li had only demonstrated that "[s]he may in fact be fined," and that "fining or having to pay money because of an illegal exit from one's country is not grounds for political asylum here in the United States." Because Li points to no evidence in the record that demonstrates that her fear of persecution

on account of her illegal departure from China is objectively reasonable, the agency's denial of asylum and withholding of removal on this ground was proper. *Id.* at 129.

 With respect to Li's application for CAT relief, the IJ found that "there is nothing in the record that would allow [her] to believe that [Li] would be tortured as defined by statue were she to be returned to [ ] China." Li argues that the background materials "provide ample documentation of the horrific conditions in Chinese prisons and detention facilities, and the pervasive use of brutal and often lethal methods of torture." However, we have expressly held that the agency does not err in finding that a particular petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). For that reason, we find that the agency's denial of CAT relief was also proper.

Finally, the BIA construed Li's "evidence reflecting that she gave birth to her first child in December 2005" as a motion to remand, but found that such evidence did not demonstrate that her subjective fear was objectively reasonable. We review the BIA's denial of a motion to remand for abuse of discretion, and a motion to remand that relies on newly available evidence must meet the substantive requirements of a motion to reopen. *See Li Yong Cao v. U.S. Dept. Of Justice,* 421 F.3d 149 (2d Cir.2005). A movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny

a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Because Li's evidence that she has one child does not affect the agency's determination that her claim is speculative, we find that the BIA did not abuse its discretion in denying her motion. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).